Argued and submitted December 16, 1991, affirmed June 3, reconsideration denied September 2, petition for review denied September 29, 1992 (314 Or 391)

Michael LACY,
*Appellant,*

*v.*

STATE ACCIDENT
INSURANCE FUND, INC.,
*Respondent.*

(8912-07148; CA A65549)

832 P2d 1268

Michael L. Williams, Portland, argued the cause for appellant. With him on the brief was Williams, Troutwine & Bowersox, P.C., Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff was seriously injured at work in 1978 while cleaning a rock crushing machine. SAIF, employer's carrier, paid his medical costs. In 1989, he commenced this action against SAIF for negligence, breach of fiduciary duty and breach of an insurance contract between it and his employer. The gravamen of the claims was that SAIF failed to advise him to retain counsel to pursue, or itself to pursue, a third-party product liability action against the machine manufacturer. The court granted SAIF's motion to dismiss.[1] ORCP 21A. We review for errors of law and affirm.

In *Eschliman v. GAB Business Service*, 80 Or App 459, 722 P2d 60, *rev den* 302 Or 158 (1986), the plaintiff was injured while at work and the defendant agency paid him benefits. After the Statute of Limitations had run, barring the plaintiff's right to maintain an action against a third party for his injuries, he sued the defendant, alleging breach of fiduciary duty and negligence for its failure to inform him of the existence of a third-party claim. We affirmed the dismissal of the complaint, holding that the rights and remedies provided by the Workers' Compensation Law are exclusive, ORS 656.018,[2] and impose no duty on insurers to inform an injured worker of potential third-party claims. 80 Or App at 460.

Plaintiff seeks to avoid ORS 656.018 and *Eschliman* by characterizing his claim as one for injury to property (*i.e.*,

---

[1] The court did not specify on what basis it granted the motion. SAIF had asserted three grounds for dismissal: (1) the court lacked subject matter jurisdiction; (2) the claims were time-barred; and (3) the complaint failed to state ultimate facts constituting a claim.

[2] ORS 656.018 provides:

"(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in this chapter.

"* * * * *

"(3) The exemption from liability given an employer under this section is also extended to the employer's insurer * * *."

the cause of action) rather than for personal injury. We reject that argument. Plaintiff seeks recovery for personal injury. *Eschliman* governs that claim.

Plaintiff asserts that *Eschliman* is wrong and that we should overrule it. He submits several policy arguments against its holding. We decline to overrule *Eschliman*.

Plaintiff also asserts that *Eschliman* does not apply to the breach of contract claim. *See Montgomery Elevator Co. v. Tuality Community Hosp.*, 101 Or App 299, 303, 790 P2d 1148, *rev den* 310 Or 243 (1990). Even assuming that plaintiff may be a third-party beneficiary of the contract between SAIF and his employer, he fails to specify any express or implied provision of the contract to support the claim. *See Aetna Casualty & Surety Co. v. OHSU*, 310 Or 61, 65, 793 P2d 320 (1990).

Affirmed.